UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 20-CV-2304 (PKC) (RER)
_____

WINDWARD BORA, LLC,

Plaintiff,

VERSUS

LASALLE BANK NA AS TRUSTEE FOR WASHINGTON MUTUAL MORTGAGE
PASS-THROUGH CERTIFICATES WMALT SERIES, 2007-7 TRUST,

Defendant.
_____

**Report & Recommendation**

May 3, 2021
_____

**To the Honorable Pamela K. Chen,
United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Windward Bora, LLC ("Windward Bora" or "Plaintiff") brings this action pursuant to 28 U.S.C. § 1332 against LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMalt Series 2007-7 Trust ("LaSalle" or "Defendant"). (Dkt. No. 1 ("Compl.") ¶ 6). Plaintiff seeks to quiet title to property located at 85 Wading River Road, Center Moriches, New York (the "Property") under sections 1501(4) and 1515(1), (2) of the New York Real Property Actions and Proceedings Law ("RPAPL"). (Compl. ¶ 1). Windward Bora contends that the statute of limitations to foreclose on a mortgage on the Property has run and therefore that mortgage should be cancelled and discharged. (*Id.* ¶¶ 1, 3). LaSalle has failed to respond to the Complaint, the Clerk has entered default, and Plaintiff has moved for a default judgment.

1

(Dkt. Nos. 16, 17). Your Honor has referred Plaintiff's motion to me for a report and recommendation. (Order dated 9/25/2020). For the reasons set forth herein, I respectfully recommend that Plaintiff's motion be denied and the case be dismissed without prejudice.

## BACKGROUND

On May 30, 2006, Ibrahim Tekin ("Borrower") executed two mortgages on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Opteum Financial Services, LLC ("Opteum"). (Compl. ¶¶ 8, 10; Dkt. Nos. 1-2 ("Mortg."), 1-4 at 4). At issue here is the mortgage that the Borrower executed to secure repayment of a $259,560 note (the "Disputed Mortgage"). (Compl. ¶ 8). Plaintiff alleges that MERS assigned the Disputed Mortgage to LaSalle on August 1, 2006, and the assignment was subsequently recorded in the Suffolk County Clerk's Office on September 26, 2008. (Compl. ¶¶ 5, 11; *see also* Dkt. No. 1-5). The Complaint is devoid, however, of any allegations as to who owned or possessed the related note or whether it was assigned to LaSalle.

The second mortgage (the "Windward Bora Mortgage"), secured repayment of a $48,650 note in favor of Opteum. (Compl. ¶¶ 9–10). The Windward Bora Mortgage was assigned to Plaintiff on October 2, 2017 and was subsequently recorded in Suffolk County on December 14, 2017. (Compl. ¶ 12; Dkt. No. 1-6 at 6). Last year, Judge Hurley granted Plaintiff's motion for foreclosure and sale based on the Windward Bora Mortgage and note. *Windward Bora LLC v. Tekin*, No. 18-CV-1770 (DRH) (ARL), 2020 WL 5441786, at *1, *4 (E.D.N.Y. Aug. 19, 2020) (finding that Borrower defaulted on a note and mortgage owned by Plaintiff in the amount of $48,650), *R & R adopted by* 2020 WL 5433458 (Sept. 10, 2020). Plaintiff also alleges that it possessed the mortgage and note at the time it filed this action, forming the basis of Plaintiff's interest in the Property. (Compl. ¶ 9; Dkt. No. 1-3).

2

According to the Complaint, the Borrower defaulted under the terms of the Disputed Mortgage, and on June 19, 2008, LaSalle commenced a foreclosure action in Suffolk County. (Compl. ¶ 14; Dkt. No. 17-1 ("Golden Decl.") ¶ 5). On May 3, 2017, however, Defendant dismissed the foreclosure action and cancelled the *lis pendens* with the Suffolk County Clerk. (Compl. ¶¶ 15–16; Golden Decl. ¶¶ 6–7; Dkt. Nos. 1-7, -8). Plaintiff subsequently filed this action to quiet title.

**DISCUSSION**

I.   **Legal Standards**

   A.  **Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of default judgment. *See* FED. R. CIV. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). After the Clerk of Court enters a party's default under Rule 55(a), the non-defaulting party may apply for entry of default judgment. FED. R. CIV. P. 55(b)(2). The Court then proceeds with analysis under Rule 55(b). *Id.*

A defendant's default is deemed to be an admission of all well pleaded factual allegations. *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 U.S. Dist. LEXIS 33931, at *10 (E.D.N.Y. Feb. 26, 2020) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)), *R & R adopted by* 2020 U.S. Dist. LEXIS 45349 (Mar. 16, 2020). The court accepts all well-pleaded factual allegations and draws every reasonable inference in the non-defaulting party's favor. *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). However, courts do not accept legal conclusions as true and will deny default judgment if the well-pleaded facts do not constitute a legitimate cause of action. *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766 (LDH) (ST), 2019 U.S. Dist. LEXIS 5715, at *5 (E.D.N.Y. Jan. 10, 2019) (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153

3

(E.D.N.Y. 2010)), *R & R adopted by* 2019 U.S. Dist. LEXIS 38917 (Mar. 8, 2019); *Liberty Mut. Ins. Co. v. Luxury Transp. Mgmt. Inc.*, No. 07-CV-608 (RJD) (JO), 2009 U.S. Dist. LEXIS 124326, at *16 (E.D.N.Y., Mar. 19, 2009) (a defendant's default does not "excuse any defects in the plaintiff's pleading."), *R & R adopted by* 2009 U.S. Dist. LEXIS 32253 (Apr. 16, 2009); *see also Hernandez v. Delta Deli Mkt. Inc.*, No. 18-CV-00375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *5 (E.D.N.Y. Feb. 12, 2019) (citing *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 n.17 (2d Cir. 2015)), *R & R adopted by* 2019 U.S. Dist. LEXIS 35304 (Mar. 4, 2019).

### B. Quiet Title Actions

The Disputed Mortgage is governed by both federal and New York state law. (Mortg. ¶ 16). Under New York law, an interested party may bring an action "to secure the cancellation and discharge of record" of a mortgage after the statute of limitations for the commencement of a foreclosure action has expired. N.Y. REAL PROP. ACTS. LAW § 1501(4); (*see also* Mortg. ¶ 19).

> A plaintiff seeking to discharge a mortgage pursuant to RPAPL § 1501(4) must show: (1) that it has an estate or interest in the real property; (2) that all necessary parties to the action were joined; and (3) that the applicable statute of limitations for commencing a foreclosure action has expired without the commencement of a foreclosure action.

*Windward Bora, LLC v. U.S. Bank NA*, No. 19-CV-02256 (AMD) (ST), 2020 WL 5531566, at *2 (E.D.N.Y. Sept. 15, 2020) (citing *Gustavia Home LLC v. Envtl. Control Bd.*, No. 18-CV-6485 (MKB) (CLP), 2019 WL 4359549, at *5 (E.D.N.Y. Aug. 21, 2019), *R & R adopted by* 2019 WL 4346012 (Sept. 11, 2019)).

### II. Plaintiff's Motion Does Not Adhere to The Local Rules

In addition to the requirements of Rule 55, Plaintiff's motion must adhere to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). *See Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 U.S. Dist. LEXIS 14239, at *17 (E.D.N.Y. Jan. 28, 2019) (quoting *Bhagwat v. Queens Carpet Mall, Inc.*,

4

No. 14-CV-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 13, 2015)) ("[A] motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules."), *R & R adopted by* 2019 U.S. Dist. LEXIS 56860 (Mar. 31, 2019); *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) (citation omitted) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). Plaintiff's motion fails to adhere to the Local Rules in two ways.

First, Local Civil Rule 55.2(b) requires that a party seeking default judgment "append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." LOC. CIV. R. 55.2(b). Plaintiff did not attach to its motion a proposed judgment in violation of Local Rule 55.2(b). (*See* Dkt. No. 17). This alone could be reason enough to deny Plaintiff's motion, although the Court would have discretion to overlook the violation. *Compare Century Sur. Co. v. Atweek, Inc.*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules. One such rule, Local Civil Rule 55.2(b) provides that certain items must be appended to a default judgment motion . . . . The fact that some of these items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers."), *and Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying motion for default judgment for failure to submit copy of Clerk's certificate of default), *and Evseroff v. I.R.S.*, 190 F.R.D. 307, 308 (E.D.N.Y. 1999) (same), *with Gustavia Home, LLC v. Vaz*, No. 17-CV-5307 (ILG) (RER), 2019 WL 3752772, at *4 (E.D.N.Y. Aug. 8, 2019) ("[T]he Second Circuit has made it clear that the

5

court has broad discretion to excuse noncompliance with Local Rules." (quotation omitted)), *aff'd*, 824 F. App'x 83 (2d Cir. 2020).

Second, and perhaps more importantly, although not required by the Federal Rules of Civil Procedure, Local Rule 55.2(c) requires a motion for default judgment and supporting papers to be "mailed to the party against whom a default judgment is sought . . . [at] the last known business address of such party (if a person other than an individual)." LOC. CIV. R. 55.2(c). "Service of the motion on non-appearing defendants is of particular importance, because 'mailing notice of such an application is conducive to both fairness and efficiency.'" *Feng Lin*, 2019 U.S. Dist. LEXIS 14239, at *17–18 (quoting Committee Note, LOC. CIV. R. 55.2); *Transatlantic Auto Grp., Inc. v. Unitrans-Pra Co.*, No. 08-CV-5070 (DLI) (CLP), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011)), *R & R adopted by* 2011 WL 4543838 (Sept. 29, 2011).

Here, Windward Bora mailed its motion papers to LaSalle at 425 Walnut Street, Cincinnati, Ohio 45202. (Dkt. No. 17-6). The only references in the Complaint to where LaSalle was or is located are Chicago, Illinois and Charlotte, North Carolina, the latter being the headquarters of Bank of America, N.A., which in October 2007 acquired LaSalle's parent corporation, LaSalle Bank Corporation. (Compl. at ¶ 5). The Ohio address appears to be associated with U.S. Bank, and not LaSalle or Bank of America. (Dkt. No. 14). Although Plaintiff served the summons and complaint on "U.S. Bank as trustee," (*id.*), there is no indication in the Complaint that U.S. Bank has any interest in the Property or this litigation. The Court is left only to speculate. In any event, the failure to properly serve the motion for default judgment on LaSalle, or even Bank of America, is sufficient in and of itself to warrant denial of the motion. *See, e.g.*, *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370148, at *7 (E.D.N.Y. Aug. 11, 2020) ("Generally, courts look to the pleading or motion papers to determine whether plaintiff

properly mailed its default judgment papers in accordance with Local Rule 55.2(c)." (citing *J & J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020), *R & R adopted by* 2020 WL 1031756 (Mar. 3, 2020))), *R & R adopted by* 2020 WL 5105063 (Aug. 31, 2020); *Feng Lin*, 2019 U.S. Dist. LEXIS 14239, at *18–19.

### III. Plaintiff May Have Sued The Wrong Defendant

Plaintiff's failure to comply with the Local Rules highlights a larger issue – whether Plaintiff has sued the proper defendant. At the time the Complaint was filed, LaSalle's parent – LaSalle Bank Corporation – had already been acquired by merger by Bank of America. (Compl. at ¶ 5).[1] Perhaps recognizing that Bank of America may have succeeded LaSalle as trustee to the trust at issue, Plaintiff served the Summons and Complaint on LaSalle at the North Carolina address associated with Bank of America. (Dkt. No. 11). That Plaintiff also served Summons and Complaint on "U.S. Bank as trustee" at an address in Ohio further confounds the issue. (Dkt. No. 14). It should not be for the Court to determine in the first instance who is the proper

---

[1] Plaintiff alleges that Defendant "is a subsidiary of LaSalle Bank Corporation, which was acquired by Bank of America, N.A. . . . , effective October 1, 2007." (Compl. ¶ 5). Public records support that the merger was effective. Defendant's parent corporation, formerly headquartered in Illinois, (*id.*), is listed as "merge/consolidated" on the Office of the Illinois Secretary of State website. ILL. SEC'Y OF STATE, https://apps.ilsos.gov/corporatellc/CorporateLlcController (last visited Apr. 27, 2021). LaSalle is no longer listed as an active banking association on the website of the Office of the Comptroller of the Currency. *Financial Institution Lists*, OFF. OF THE COMPTROLLER OF THE CURRENCY, https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/index-financial-institution-lists html (last visited Apr. 27, 2021).

> Under New York law, domestic corporations may convey real property by merger, but the merger, and thus the conveyance, is not effective in the absence of both filings with the Department of State, and "the recording officer of each county in this state in which real property of a constituent corporation, other than the surviving corporation, is situated."

*Preston*, 930 N.Y.S.2d 722, 727 (N.Y. App. Div. Oct. 7, 2011) (citing N.Y. BUS. CORP. LAW §§ 906(b)(2), 904(a),(b)). Although "[a] corporation merged out of existence typically 'cease[s] to exist as a separate entity and may no longer be a named party in litigation,'" the acquired corporation will remain liable where the filing and recording requirements have not been met. *See id.* (quoting *Westside Fed. Sav. & Loan Assn. of N.Y.C. v. Fitzgerald*, 524 N.Y.S.2d 54, 55 (N.Y. App. Div. 1988)). Plaintiff makes only conclusory allegations that LaSalle is the current assignee of this mortgage. (Compl. ¶ 5; *see also* Dkt. No. 1-5). Plaintiff does not make any allegations as to whether the merger resulted in conveyance of the mortgage and does not include if the filings required by New York law were completed. Again, the Court is left only to speculate.

defendant.[2] Plaintiff should make the proper showing in its Complaint, and should Your Honor adopt this Report and Recommendation, upon refiling Plaintiff should include in its complaint allegations sufficient to identify who is the proper defendant.

### IV. Plaintiff Has Not Established That The Court Has Subject Matter Jurisdiction Over This Case

More problematic than Plaintiff's failure to adhere to the Local Rules or name the proper defendant is its failure to establish that the Court has subject matter jurisdiction over this action. The party asserting subject matter jurisdiction carries the burden of proving its existence by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *White v. Abney*, No. 17-CV-4286 (MKB), 2019 WL 1298452, at *2 (E.D.N.Y. Mar. 21, 2019) (citations omitted). Plaintiff alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the case is between citizens of different states. (Compl. ¶ 6). Plaintiff has not, however, alleged sufficient facts for the Court to determine whether there is complete diversity as required by 28 U.S.C. § 1332(a)(1). *See Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014); *see also APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) ("Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." (citation omitted)).

---

[2] Plaintiff served LaSalle in North Carolina and U.S. Bank in Ohio. (Dkt. Nos. 11, 14). Putting aside whether such service complies with Rule 4(h) of the Federal Rules of Civil Procedure, this suggests that Plaintiff understood both U.S. Bank and Bank of America to have an interest in this matter. For example, in cases involving mortgages and other loan agreements allegedly entered into by or assigned to LaSalle Bank N.A., Bank of America is described as the successor by merger to LaSalle Bank N.A. and US Bank as the successor trustee to Bank of America. *See, e.g.*, *Bank of Am., N.A. v. Fischer*, 927 F. Supp. 2d 15, 22 (E.D.N.Y. 2013) (filed by Bank of America, N.A., individually and as successor to LaSalle Bank, National Association, a national banking association, Plaintiff); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 778 F. Supp. 2d 375, 385 n.3 (S.D.N.Y. 2011) (filed against Bank of America, N.A. given that "[Bank of America] acquired LaSalle Bank National Association in 2007 and thereby assumed LaSalle's rights and obligations."); *cf. Garcia v. LaSalle Bank NA.*, No. 16 CIV. 3485 (PAE), 2017 WL 253070, at *3 (S.D.N.Y. Jan. 19, 2017) (responding to foreclosure action LaSalle filed in 2008 which resulted in purchase of the property by "U.S. Bank N.A.—as trustee and successor in interest to Bank of America, N.A., which in turn was trustee and successor by merger to LaSalle"). Plaintiff has not met its burden to establish that all necessary parties were joined to this action.

Plaintiff is a citizen of Florida. (Compl. ¶ 4); *see Avant Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (quoting *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)) ("A limited liability company ['LLC'] takes the citizenship of its members."). During its existence Defendant LaSalle was a citizen of Illinois. (Compl. ¶ 5); *see* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of . . . actions by or against them, be deemed citizens of the States in which they are respectively located."). However, Plaintiff brings this case against LaSalle *as trustee*. Plaintiff must therefore allege that as trustee LaSalle has legal title to the trust, manages the trust assets and controls the litigation in order for LaSalle's citizenship to control for purposes of diversity. *Compare U.S. Bank Tr., N.A. v. Monroe*, No. 115-CV-1480 (LEK) (DJS), 2017 WL 923326, at *5 (N.D.N.Y. Mar. 8, 2017) (dismissing for lack of subject matter jurisdiction a complaint that did not allege type of trust at issue, trustee's degree of control over trust assets, or, alternatively, citizenships of trust's beneficiaries), *with U.S. Bank N.A. v. McHugh*, No. 18-CV-0710 (JS) (GRB), 2019 WL 5150205, at *2–3 (E.D.N.Y. Aug. 29, 2019) (finding allegations in complaint supported necessary degree of control over trust assets), *R & R adopted by* 2019 WL 5256794 (Sept. 17, 2019), *and U.S. Bank Tr., N.A. v. Gebman*, No. 16 Civ. 7033 (CS), 2018 WL 3745672, at *2 (S.D.N.Y. Aug. 7, 2018) (finding an affidavit of trustee's mortgage loan servicer sufficient). Plaintiff's filings contain no reference to LaSalle's control or management of the trust assets; and therefore, its assertion of diversity jurisdiction is deficient.[3] This deficiency alone would warrant denial of Plaintiff's motion for default judgment and dismissal of the case. *See, e.g.*, *United States v. Forma*, 42 F.3d 759, 762 (2d Cir.1994) (citing FED. R. CIV. P. 60(b)(4)); FED. R. CIV. P. 12(h)(3)

---

[3] The same is true for Bank of America or U.S. Bank, were they to be the proper defendants. Beyond the cursory allegation that Bank of America acquired LaSalle's parent corporation, there is nothing to indicate that it, or U.S. Bank, had control or management of the trust assets sufficient for its citizenship to be considered for diversity purposes. (*See* Compl. ¶ 5).

9

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")) (vacating default judgment because court lacked subject matter jurisdiction).

The same is true for Plaintiff's allegation that "[t]he amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00." (Compl. ¶ 6). The amount in controversy must be non-speculative in order to satisfy the jurisdictional requirement, and a conclusory allegation that the amount in controversy is satisfied, such as the one made by Plaintiff here, is insufficient. *See Trisvan v. Burger King Corp.*, No. 19-CV-6396 (MKB), 2021 WL 1193531, at *6 (E.D.N.Y. Mar. 30, 2021); *Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) ("[T]he jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible."). "[W]here a plaintiff has commenced an action to quiet title to real property, the amount in controversy is determined by the value of the realty directly affected by the contest for ownership." *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, 2004 WL 2181087, at *8 (S.D.N.Y. Sept. 29, 2004), *aff'd sub nom. Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767 (2d Cir. 2006).

Even putting aside that the Plaintiff has not specifically alleged what the value of the Property is currently, or what it was when the mortgages were issued, it is plausible that the value is far below the jurisdictional threshold. Both the Disputed Mortgage and the Windward Bora Mortgage bear a stamp that reads, "SAID PREMESIS **WILL BE IMPROVED** BY A ONE OR TWO FAMILY DWELLING ONLY". (Mortg. at 6, 18 ¶ 25; Dkt. No. 1-4 at 6, 16 ¶ 25 (emphasis added)). In this Court's experience such a clause indicates that at the time the Mortgages were issued, the Property was an unimproved lot, whose value cannot plausibly be expected to exceed $75,000. Regardless, it is the Plaintiff's burden to properly allege that the jurisdictional threshold

10

has been exceeded, and Plaintiff has failed to do so here. The Court cannot infer from the amounts of the Mortgages that the value of the Property exceeds $75,000, and therefore that the Court has subject matter jurisdiction over this case.

For these two reasons alone, Plaintiff's motion should be denied, and the case should be dismissed.

## V. The Merits

The six-year statute of limitations to bring a foreclosure action begins to run after a mortgage debt is accelerated. *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 87 n.13 (E.D.N.Y. 2019) (quoting *Costa v. Deutsche Bank Nat'l Trust Co.*, 247 F. Supp. 3d 329, 340 (S.D.N.Y. 2017)). To accelerate the debt, "a noteholder must effect an 'unequivocal overt act.'" *Freedom Mortg. Corp. v. Engel*, Nos. 1–4, 2021 WL 623869, at *1 (N.Y. Feb. 18, 2021) (citing *Albertina Realty Co. v. Rosbro Realty Corp.*, 258 N.Y. 472 (1932)). It must be clear from that act that the note holder is demanding repayment of the entire outstanding debt. *Id.* at *3 ("[T]o be valid, an election to accelerate must be made by an 'unequivocal overt act' that discloses the noteholder's choice, such as the filing of a verified complaint seeking foreclosure and containing a sworn statement that the noteholder is demanding repayment of the entire outstanding debt.").

Plaintiff provides only the conclusory argument that the six-year statute of limitations to foreclose on the Disputed Mortgage expired on June 19, 2014, six years after LaSalle commenced the foreclosure action. (Dkt. No. 17-5 at 4; Compl. ¶¶ 14, 18). While the statute of limitations *may* begin to run from the date on which a foreclosure action is commenced, Plaintiff does not provide factual allegations from the which the Court could determine whether the 2008 foreclosure action accelerated the mortgage debt at issue here.[4] *See Freedom Mortg.*, 2021 WL 623869, at *4 ("It is

---

[4] The Court notes that Defendant filed the affirmation of discontinuance and affirmation to cancel the *lis pendens* in 2017, well over six years after it commenced the foreclosure action in 2008. (Dkt. Nos. 1-7, -8).

11

well-settled that the filing of a verified foreclosure complaint *may* evince an election to accelerate, but here the filings did not accelerate the modified loan." (citation omitted) (emphasis added)); *Wells Fargo Bank, N.A. v. Burke*, 943 N.Y.S.2d 540, 543 (N.Y. App. Div. 2012) (holding that "[appellant] failed to demonstrate that the option to accelerate the maturity of the loan was validly exercised in accordance with the terms of the note and mortgage."); *Loiacono v. Goldberg*, 658 N.Y.S.2d 138, 139–40 (1997) (holding that, based on the terms of the original mortgage and note, a foreclosure action commenced in 1995 was not time-barred by a default in 1988, which was followed by a foreclosure action that was dismissed in 1992); *Esther M. Mertz Tr. v. Fox Meadow Partners, Ltd.*, 734 N.Y.S.2d 77, 79 (2001) ("Although acceleration of the mortgage will trigger the Statute of Limitations against the entire debt, here acceleration of the mortgage debt was at the option of the Trust, and the Trust did not exercise that option." (citation omitted)). Even assuming that LaSalle was the noteholder on June 19, 2008, Plaintiff must allege sufficient factual information from which the Court could determine that Defendant accelerated the debt at that time. Plaintiff has not done so. It has not provided the Court with any of the foreclosure filings or related documents from which the Court could make that determination. Accordingly, even if Plaintiff cured all the deficiencies noted above, the Court would be compelled to recommend denial of Plaintiff's motion for default judgment.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Your Honor deny the motion for default judgment and dismiss the case. In the alternative, I respectfully recommend that Your Honor deny Plaintiff's motion and order Plaintiff to file and properly serve an amended complaint that addresses all the inadequacies noted herein.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation, and any objections thereto, upon LaSalle, Bank of America, U.S. Bank, and LaSalle's counsel in the underlying foreclosure proceeding by regular and certified mail and to file proof of service with the Clerk of the Court.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Pamela K. Chen within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
Dated: May 3, 2021